```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 12/23/09
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------- x
                                            :
DONALD BERNHARDT,                           :
                                            :
                                            :       08 Civ. 7333 (SHS)
                                            :
                    Plaintiff,              :
                                            :       OPINION & ORDER
                                            :
        -against-                           :
                                            :
TRADITION NORTH AMERICA and                 :
TRADITION ASIEL SECURITIES INC.,            :
                                            :
                                            :
                    Defendants.             :
-------------------------------------------------------------- x

SIDNEY H. STEIN, U.S. District Judge.

        Plaintiff Donald Bernhardt has sued his former employer, Tradition North America Inc.,

and its subsidiary, Tradition Asiel Securities, Inc., for breach of an implied contract for

employment. The implied contract was based on the "essential provision that [d]efendants

would operate the firm, and that [p]laintiff would be permitted to perform his job responsibilities,

in accordance with the prevailing laws, rules and regulation of the securities profession."

(Amended Complaint ("AC") at ¶ 35.) Defendants have now moved to dismiss the amended

complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure and for sanctions

against plaintiff's attorney pursuant to Rule 11 of the Federal Rules of Civil Procedure. Because

Bernhardt has not pled factual allegations that raise his right to relief above the speculative level,

defendants' motion to dismiss the amended complaint is granted. The motion for sanctions is

denied because plaintiff's attorneys have not engaged in conduct sanctionable under Rule 11.

## I. BACKGROUND

        The following facts are taken from the amended complaint and are taken to be true for the

purposes of this motion.

1

In December 1996, Donald Berhnhardt began working at Tradition North America Inc., ("Tradition") as a securities broker, eventually rising to Vice President. (AC ¶¶ 13-14.) Bernhardt alleges that in 2001 he discovered that defendants were engaging in "elaborate securities schemes, involving buy-backs, parking, and artificial pricing, in violation of the U.S. securities laws." (AC ¶ 16.) He also alleges that defendants tried to pressure him to participate in these illegal schemes more than fifty times, but he refused, making it clear to his co-workers that he thought the transactions were illegal. (AC ¶¶ 22-23.)

In November 2007, Bernhardt allegedly notified the SEC about the violations. (AC ¶ 27.) Bernhardt claims that after he went to the SEC, he noticed an increase in hostility against him from other employees. (AC ¶ 27.) In March 2008, Bernhardt told Senior Vice President Steve Marano, the alleged leader of the fraudulent schemes, as well as Tradition's legal and compliance departments, that he had gone to the SEC. (AC ¶ 28.)

Two days after he made the disclosures, he was suspended by Marano for disclosing unspecified proprietary information. (AC ¶ 29.) Plaintiff was stripped of his company ID and door pass and escorted out of the building. (AC ¶¶ 29-30.) On April 14, 2008, Bernhardt attended a meeting with Chaim Levin, Tradition's counsel, to discuss the status of his employment and the reason for his suspension. (AC ¶ 32.) Bernhardt alleges that although he tried to explain at the meeting that illegal activity had taken place, Chaim ended the meeting "in a fit of rage" before he could finish his explanation. (Id.) Later that same day, Bernhardt was terminated.

Plaintiff alleges that he had an implied contract for employment with defendants, which was based on the essential provision that defendants would operate the firm in accordance with the prevailing securities laws, rules, and regulations. (AC ¶ 35.) Plaintiff argues that because defendants informed him he would be summarily terminated for violating any company rules or

2

any state or federal laws, there was an implicit promise that the "converse" was true; i.e., that Tradition would not fire him for refusing to violate those very rules. (AC ¶ 36.) Bernhardt claims that this stated policy created a limitation on Tradition's ability to terminate his employment and that he detrimentally relied on that policy. (AC ¶¶ 37-38.) Bernhardt maintains that he had a right to comply with the securities laws, and that by violating its own stated policy of obeying all securities laws, his employers breached the implicit employment contract Bernhardt had.

## II. DISCUSSION

### A. Motion to Dismiss Standard

In deciding a motion to dismiss a complaint pursuant to Rule 12(b)(6), the allegations in the complaint are accepted as true and all reasonable inferences are drawn in the plaintiff's favor. McCarthy Dun & Bradstreet Corp., 482 F.3d 184, 191 (2d Cir. 2007); S.E.C. v. Lyon, 529 F. Supp. 2d 444, 449 (S.D.N.Y. 2007). Accordingly, to survive a motion to dismiss, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp v. Twombly, 550 U.S. 544, 570 (2007); see also Ashcroft v. Iqbal, -- U.S. --, 129 S.Ct. 1937, 1950 (2009) ("[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss.") For the pleadings to state a plausible claim to relief, a complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. The Court's function on a motion to dismiss is not to "weigh the evidence that might be presented at trial but merely to determine whether the complaint itself is legally sufficient." Goldman v. Belden, 754 F.2d 1059, 1067 (2d Cir. 1985).

On a motion to dismiss, a court's "consideration is limited to facts stated on the face of the complaint, in documents appended to the complaint or incorporated in the complaint by reference, and to matters of which judicial notice may be taken." McKenzie v. Gibson, No., 07

3

Civ. 6714, 2008 U.S. Dist. LEXIS 64850, at *4-5 (S.D.N.Y. Aug. 25, 2008) (quoting Allen v. WestPoint-Pepperell, Inc., 945 F.2d 40, 44 (2d Cir. 1991)).

B. Breach of Employment Contract

Plaintiff does not allege the existence of a written contract of employment; instead, he asserts that there was an implied contract without alleging there was any fixed term. (AC ¶ 35.) Where a term of employment is for an indefinite period of time, it is presumed to be an employment at will that is freely terminable by either party at any time for any reason or even for no reason. See e.g., Shah v. Wilco Sys., Inc., 27 A.D.3d 169; 806 N.Y.S.2d 553 (App. Div. 1st Dep't 2005); Sabetay v. Sterling Drug, 69 N.Y.2d 329, 514 N.Y.S.2d 209 (1987); Murphy v. American Home Prods. Corp., 58 N.Y.S.2d 293, 461 N.Y.S.2d 232 (1983). Under New York employment law, the employment at will doctrine gives an employer "a nearly unfettered right to discharge an employee." Jones v. Dunkirk Radiator Corp., 21 F.3d 18, 21-22 (2d Cir. N.Y. 1994) (citing Sabetay, 69 N.Y.2d at 333; Murphy, 58 N.Y.S.2d at 305. The presumption of at will employment can be rebutted, however, by establishing an "express limitation in the individual contract of employment" curtailing an employer's right to terminate at will. Baron v. Port Auth., 271 F.3d 81, 85 (2d Cir. 2001).

Policies in a personnel manual specifying the employer's practices with respect to the employment relationship, including the procedures or grounds for termination, may become part of the employment contract. See, e.g., id.; Marfia v. T.C. Ziraat Bankasi, 147 F.3d 83, 87-89 (2d Cir. 1998) (holding that policies set out in employee handbook formed implied contractual obligations). To establish that such policies are a part of the employment contract, an employee alleging a breach of implied contract must prove that "(1) an express written policy limiting the employer's right of discharge exists, (2) the employer (or one of its authorized representatives) made the employee aware of this policy, and (3) the employee detrimentally relied on the policy

4

in accepting or continuing employment." Baron, 217 F.3d at 87-88 (quoting Lobosco v. New York Tel., 96 N.Y.2d 312, 316, 751 N.E.2d 462, 727 N.Y.S.2d 383 (2001)). The New York Court of Appeals has admonished that this is a "difficult pleading burden," Sabetay, 69 N.Y.2d at 334-35, and that "routinely issued employee manuals, handbooks and policy statements should not lightly be converted into binding employment agreements," Lobosco, 96 N.Y.2d at 317.

Generally, in order to determine whether the presumption of an at-will relationship is overcome, "the trier of facts will have to consider the totality of the circumstances, including the writings, the situation, the course of conduct of the parties and their objectives." Baron, 217 F.3d at 87-88 (quoting Marfia, 147 F.3d at 88). Although this is the general rule, "where a sufficiently unambiguous disclaimer, conspicuously placed in the employee handbook such that the employee reasonably could be expected to read it is at issue, the totality of the circumstances inquiry is unnecessary; the implied contract claim may be dismissed as a matter of law." Baron, 217 F.3d at 88.

Here, plaintiff does not allege that he was party to any *express* agreement limiting Tradition's right to terminate his employment at any time. Bernhardt's claim relies solely on a claim of breach of an implied contract. Bernhardt attempts to find an implied contract by alleging that on "numerous occasions and in written contracts, Tradition stated to [p]laintiff that he would be summarily terminated if he violated any rules or regulations of the company, state and federal laws and regulations, or NASD or SEC regulations governing Tradition or any of its affiliates." (AC ¶ 36.) Plaintiff claims that "implicit in this stated policy was that the converse was also true, that Tradition would not fire him for refusing to violate those very rules." (Id.)

Bernhardt's implied contract claim fails because none of the writings identified by him constitutes a written express limitation on defendants' right to hire, fire, promote, demote, transfer, or take any other employment action it deems otherwise appropriate. To the contrary,

5

plaintiff has simply failed to allege that there was "an express written policy limiting the employer's right of discharge." Baron, 217 F.3d at 85. In addition, plaintiff has not alleged what actions he took that could conceivably constitute detrimental reliance on Tradition's purported stated policy limiting its ability to terminate Bernhardt. Because plaintiff has not pled factual allegations that "raise a right to relief above the speculative level," Twombly, 550 U.S. at 555, defendants' motion to dismiss the amended complaint is granted.

C. Rule 11 Sanctions Are Not Warranted

A district court has "discretion under Rule 11 of the Federal Rules of Civil Procedure and its inherent equitable powers to impose costs against an attorney as a sanction." Wilder v. GL Bus Lines, 258 F.3d 126, 130 (2d Cir. 2001). "Such sanctions, however, are appropriate only where the attorney has acted in bad faith in the actions that led to the lawsuit or in the conduct of the litigation, or where the attorney has negligently or recklessly failed to perform his responsibilities as an officer of the court." Id. A district court has wide discretion over whether sanctions should be issued for any given violation of Rule 11, because "[e]ven if the district court concludes that the assertion of a given claim violates Rule 11 . . ., the decision whether or not to impose sanctions is a matter for the court's discretion." Perez v. Posse Comitatus, 373 F.3d 321, 325 (2d Cir. 2004). Thus, a motion for sanctions under Rule 11 raises two issues: (1) whether Rule 11 has been violated and (2) whether the court should exercise its discretion to award sanction based on the violation

When determining whether sanctions are warranted in a particular case, district courts must attempt to "strike a balance between the vigorous pursuit of litigation" on the one hand and "the right to be free of litigation that is undertaken in bad faith, vexatiously, wantonly, or for oppressive reasons" on the other. United States v. Seltzer, 227 F.3d 36, 40 (2d Cir. 2000)

6

(internal quotations marks omitted).  Thus, in order to determine whether a motion for sanctions
should be granted, a court must consider both of these equally valid concerns.

Although the Court finds that Bernhardt has not alleged sufficient facts to state a
plausible claim under existing law, the Court also finds that bringing this action does not amount
to the "negligent[] or reckless[]" conduct sanctionable under Rule 11.  See Wilder, 258 F.3d at
130.  "Rule 11 sanctions are an extreme remedy, such that when divining the point at which an
argument turns from merely losing to losing *and* sanctionable . . . district courts resolve all
doubts in favor of the signer."  Ramashwar v. Espinoza, No. 05 Civ. 202, 2006 U.S. Dist. LEXIS
721, *7-8 (S.D.N.Y. Jan. 6, 2006) (emphasis in original).  Although New York law is not
favorable to breach of implied contract claims, on the facts here it was not sanctionable for
plaintiff to file the instant complaint.

**III. CONCLUSION**

For the reasons set forth above, defendants' motion to dismiss the amended complaint is
granted with prejudice and defendants' motion for sanctions is denied.

Dated:  New York, New York
        December 23, 2009

SO ORDERED.

Sidney H. Stein, U.S.D.J.

7